UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| XIAO DONG WANG, | No. C 13-03602 LB |
| Plaintiff, | **ORDER TO SHOW CAUSE RE: DIVERSITY JURISDICTION** |
| v. | |
| TARGET CORPORATION, | |
| Defendant. | |

On July 3, 2013, Plaintiff Xiao Dong Wang filed a complaint against Target Corporation in San Mateo County Superior Court. Notice of Removal Ex. A, ECF No. 1 at 6. In the complaint, Ms. Wang alleges that the Target store located at 133 Serramonte Center in Daly City allowed an aisle to remain wet, causing Ms. Wang to fall. *Id.* at 11. In the state court complaint, Wang indicates she is seeking damages in excess of $25,000. *Id.* at 6. Target removed the case to this court on August 2, 2013. Target asserts diversity of citizenship and claims the amount in controversy exceeds $75,000. *Id.* Target's sole basis for removal is diversity jurisdiction. Upon initial review of Target's notice of removal and the complaint, it is unclear that the court has diversity jurisdiction over this action.

Federal courts are courts of limited jurisdiction, and the court is presumed to lack jurisdiction unless the contrary appears affirmatively from the record. *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 N.3 (2006). Federal courts have an independent obligation to examine if removal is proper before deciding any issue on the merits. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004). The burden of establishing jurisdiction rests upon the party asserting it. *Kokkonen v.*

C 13-03602
ORDER

*Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U. S. 178, 182-83 (1936)).

Under the diversity jurisdiction statute, federal courts have original jurisdiction where the opposing parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Generally, the amount in controversy stated in the plaintiff's initial complaint is accepted on its face. 28 U.S.C. § 1446(c)(2). When state court pleadings do not allege a specific amount in controversy, the district court must determine that the amount in controversy exceeds $75,000 by a preponderance of the evidence. 28 U.S.C. § 1446(2)(B).

In her complaint, Ms. Wang does not allege any facts to establish that the amount in controversy exceeds $75,000. In the state complaint, Plaintiff alleged "serious injury" and checked the box for damages greater than $25,000. In the petition for removal, Target stated that the amount in controversy exceeds $75,000, but does not allege any facts to support the assertion. Ms. Wang has not filed a motion to remand, but given the court's independent obligation to review its jurisdiction, the court **ORDERS** Target to show cause why this action should not be remanded for lack of diversity jurisdiction. Defendants will do so by filing a written response **no later than November 13, 2013.** That response may of course be supported by a declaration regarding the amount in controversy.

In light of this issue, the court vacates the initial case management conference now set for November 7, 2013 and resets it for Thursday, November 21, 2013, at 11:00 a.m.

**IT IS SO ORDERED.**

Dated: November 6, 2013

LAUREL BEELER
United States Magistrate Judge